IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/28/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

| | |
|---|---|
| CHRISTOPHER WITHERS,  ) | |
| *Plaintiff*          ) | |
|                      ) | |
| v.                   ) | CASE NO.  **6:20CV00065** |
|                      ) | |
| SAM GREEN            ) | JURY TRIAL DEMANDED |
|                      ) | |
| and                  ) | |
|                      ) | |
| DWAYNE WADE,         ) | |
| *Defendants*.        ) | |

## COMPLAINT

1. This action is brought by Plaintiff Christopher Withers, ("WITHERS") to recover damages, fees and costs arising from the injuries he suffered due to the excessive force used during his apprehension and arrest by two deputies of the Campbell County Sheriff's office; defendant Sam Green ("GREEN") and defendant Dwayne Wade ("WADE"), each sued in their individual capacities. WITHERS asserts federal claims pursuant to 42 U.S.C. § 1983 as well as common law civil state claims for (i) assault and battery and (ii) gross and willful and wanton negligence.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the federal claims pursuant 28 U.S.C. §§ 1331 and 1343 as such jurisdiction arises under 42 U.S.C. §§ 1983 and 1985.

3. This Court has jurisdiction to award reasonable attorney's fees under 42 U.S.C. § 1988.

4. This Court has supplemental jurisdiction over the state claims asserted in this action

pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391(b), because (i) each of the named defendants is a resident of the Western District of Virginia pursuant to to 28 U.S.C. § 1391(c)(2), and (ii) pursuant to 28 U.S.C. § 1391(b)(2) all of the events or omissions giving rise to the claim occurred in the Campbell County in the Western District of Virginia.

## PARTIES

6. Plaintiff **CHRISTOPHER WITHERS** is an adult resident of Pittsylvania County, Virginia.

7. Defendant **SAM GREEN** is a deputy sheriff employed by the Sheriff of Campbell County, Virginia

8. Defendant **DWAYNE WADE** is a deputy sheriff employed by the Sheriff of Campbell County, Virginia

## FACTS

9. On September 29, 2018, after dark, WITHERS was driving home from his job in Lynchburg. His route took him by Candlers Mountain Road to Camp Hydaway Road in Campbell County.

10. GREEN was dispatched to assist with a traffic accident and took a route that put him behind WITHERS on Camp Hydaway Road.

11. GREEN activated his emergency lights, but WITHERS did not pull over. Instead, WITHERS continued driving at a nearly constant and safe speed for several miles and

turned right on Old Rustburg Road, where he found the road blocked with emergency equipment and then stopped.

12. GREEN, following closely behind WITHERS, was furious that WITHERS did not pull over and ran to WITHERS' car. GREEN immediately yanked WITHERS out of the car and, acting in concert with WADE, both deputies dragged WITHERS to an overgrown area where they beat him for more than a minute.

13. At no time did WITHERS resist arrest or attempt to assault anyone or to obstruct any law-enforcement officer.

14. WITHERS was bloodied, suffering from injuries including contusions, vision loss, lacerations, a concussion, pain, suffering, mental anguish and fear. WITHERS required transport by ambulance to the Lynchburg General Hospital's Emergency Room.

15. A physician at the LGH ER ordered a forensic examination, but WITHERS was refused such an examination by the forensic nurse because a deputy of the Campbell County Sheriff's Department intervened to prohibit it.

16. WITHERS was initially charged with felony eluding and misdemeanor obstruction of justice, along with a traffic infraction. WITHERS eventually entered a guilty plea to misdemeanor eluding and the misdemeanor obstruction of justice charge was dropped.

**FIRST CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS: EXCESSIVE FORCE BY THE DEFENDANTS GREEN AND WADE AGAINST THE UNARMED PLAINTIFF WHO POSED NO DANGER**

**(42 U.S.C. § 1983 - 4th and 14th Amendments)**

17. All previous paragraphs of this complaint are incorporated herein by reference and are

re-alleged as if restated.

18. There was no need to strike WITHERS after he stopped the car. He was unarmed and seated in the driver's seat, surrounded by law-enforcement officers and other first responders.

19. The use of force against WITHERS by GREEN and WADE was objectively unreasonable and clearly excessive.

20. Both GREEN and WADE acted with actual malice and with deliberate indifference to WITHERS' rights when they beat and injured him.

21. GREEN and WADE violated WITHERS' Fourth Amendment right when they used unreasonable and excessive force against him after removing him from the vehicle.

22. GREEN and WADE violated WITHERS' Fourteenth Amendment right when they used unreasonable and excessive force against him after removing him from the vehicle.

23. The excessive force used by GREEN and WADE against WITHERS was the direct and proximate cause of WITHERS' injuries.

## SECOND CAUSE OF ACTION

## CIVIL BATTERY

**(Virginia Common Law Claim)**

24. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

25. GREEN, acting in concert with WADE, assaulted and battered WITHERS on September 29, 2018 when they caused the injuries as described above.

26. WITHERS did not consent to being assaulted or battered and did not consent to offensive

touching that led to his injuries.

27. Neither GREEN nor WADE were justified in using excessive force against WITHERS.

28. GREEN and WADE acted with actual malice when they assaulted and battered WITHERS on September 29, 2018.

29. GREEN and WADE acted in wanton and willful disregard of WITHERS' rights when they assaulted and battered WITHERS on September 29, 2018.

30. WITHERS is entitled to recover damages, including compensatory and punitive damages from GREEN and WADE.

### THIRD CAUSE OF ACTION

### GROSS, WILLFUL, WANTON AND RECKLESS NEGLIGENCE

**(Virginia Common Law Claim)**

31. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

32. Both GREEN and WADE had a legal duty to use ordinary care to protect WITHERS from harm.

33. GREEN and WADE breached their duty to WITHERS when they, acting in concert:

    - Used more force than necessary to arrest him.

    - Beat him and injured him without cause or justification.

34. GREEN and WADE acted with conscious and utter disregard to WITHERS' rights or welfare when they acted in manner described above.  Neither GREEN nor WADE gave

scant care to WITHERS.

35. The above-described action of GREEN and WADE was grossly negligent.

36. The above-described action of GREEN and WADE was willful, wanton and reckless.

37. The injuries WITHERS sustained as described above were directly and proximately caused by the negligence of GREEN and WADE.

38. WITHERS is entitled to recovers damages, including punitive damages, from GREEN and WADE.

**WHEREFORE** your Plaintiff, Christopher Withers, requests that this Court grant him the following relief:

(a) Judgment against each of defendants, jointly and severally, in the amount of TWO MILLION DOLLARS ($2,000,000.00) and such additional damages as may be proven at trial.

(b) Punitive damages from each of the defendants in amount proven upon trial;

(c) Costs and expenses, including reasonable attorney's fees;

(d) Injunctive relief to prevent further unlawful conduct;

(e) All such other legal and equitable relief as this Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

**CHRISTOPHER WITHERS**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**


**By: <u>/s/ M. Paul Valois</u>**
    **M. Paul Valois, Esquire**
    **Counsel for Plaintiff**
    **Virginia State Bar No. 72326**