IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **CHRISTOPHER WITHERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 6:20cv65 |
| ) | |
| **SAM GREEN, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANTS' SECOND MOTION IN LIMINE
### — ANTICIPATED HEARSAY —

Defendants, Sam Green and Dwayne Wade ("Defendants"), by counsel, pursuant to the Court's Pretrial Order, ECF No. 9, file this Motion in Limine seeking entry of an Order precluding plaintiff from referencing or otherwise mentioning alleged out of court statements by a forensic nurse examiner and the former Sheriff of Campbell County.

#### STATEMENT OF THE CASE

After his arrest on September 29, 2018, plaintiff went to Lynchburg General Hospital and requested to be examined by a forensic nurse examiner ("FNE"). Contrary to the allegations in the Complaint, the FNE did perform an examination of Withers. Plaintiff has not identified that individual as a witness he intends to call at trial, and there is no evidence to suggest that she is otherwise "unavailable." Because Defendants have a reasonable basis to believe that plaintiff may attempt to reference hearsay from the FNE, Defendants request a preemptory ruling excluding any testimony about any statements the FNE may have made. In addition, plaintiff also testified that the former Campbell County Sherriff called him and made certain statements after the incident in question.



Plaintiff has not identified that individual as a witness either and likewise should be precluded from testifying as to any statements allegedly made by the former Campbell County Sheriff about the incident that is the subject of the Complaint.

## ARGUMENT & AUTHORITY

### I. Standard of Review

"A motion in limine is a pretrial motion which requests that the court exclude inadmissible or prejudicial evidence before it is actually offered at trial." Gonzalez v. Seaworld Parks & Entm't., LLC, No. 4:20cv27, 2021 U.S. Dist. LEXIS 141256, at *2–3 (E.D. Va. July 28, 2021) (internal quotations omitted). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." United States v. Verges, No. 1:13cr222, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). Such "[q]uestions of trial management are quintessentially the province of the district courts." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006).

### II. Hearsay

Under federal law, "[h]earsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" U.S. v. Beltre, 188 F.3d 503, 1999 U.S. App. LEXIS 20056, *3 (4th Cir. Aug. 231999) (quoting Fed. R. Evid. 801(c)) (unpublished table decision); see also U.S. v. Pinion, 452 Fed. App'x. 339, 341 (4th Cir. 2011); U.S. v Moore, 748 F.2d 246, 248 (5th Cir. 1984) (internal citations omitted). In particular, Rule 801 provides in relevant part:

> (a) **Statement.** "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, fi the person intended it as an assertion.
> (b) **Declarant.** "Declarant" means the person who made the statement.



629.0406\NHS
4876-9103-6952 .v2

> (c) **Hearsay.** "Hearsay" means a statement that:
> 1) the declarant does not make while testifying at the current trial or hearing; and
> 2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Fed. R. Evid. 801(a)-(c). "Hearsay is generally not admissible in evidence." Pinion, 452 Fed. Appx. at 341 (citing Fed. R. Evid. 802). Hearsay is inadmissible unless any of the following provides otherwise: (1) a federal statute; (2) the Federal Rules of Evidence; or (3) other rules prescribed by the Supreme Court. See Fed. R. Evid. 802.

"In the Anglo-American adversary system of law, courts usually will not admit evidence unless its accuracy and trustworthiness may be tested by cross-examination." Dallas Cnty. v. Commercial Union Assur. Co., 286 F.2d 388, 391 (5th Cir. 1961). Indeed, the Supreme Court of the United States has "recognized that cross-examination is the 'greatest legal engine ever invented for the discovery of truth.'" Kentucky v. Stincer, 482 U.S. 730, 736 (1987) (quoting California v. Green, 399 U.S. 149, 158 (1970)).

During his deposition, plaintiff claims the FNE told him that he had two "damaged" ligaments in his neck. **Ex. 1**, Withers Dep., 11:11–22; 39:12–40:4, 40:10–16.[1] Plaintiff also testified that after he filed a citizen's complaint with the Sheriff's Office the former Sheriff called him and said the sheriff's "investigation was completed, and that he had found – that he had looked at my incident and had to – this was his words – retrain some of his officers, or they were going to be retrained . . . ." Id., 45:6–17. Here, plaintiff has not identified the FNE or the former Campbell County Sheriff as witnesses he intends to call. By failing to identify them in his pretrial disclosures, plaintiff should be precluded from calling them as witnesses. Further, there is no evidence before the Court to suggest that

---

[1] The complete transcript of plaintiff's testimony is available at ECF No. 17-1.

- 3 -

they are otherwise unavailable or some other exception to the rule against hearsay applies.

Accordingly, plaintiff must be precluded from referencing any alleged statements made by the FNE or the former Sheriff of Campbell County.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request entry of an Order granting their Second Motion in Limine, precluding plaintiff from referencing or otherwise mentioning the aforesaid hearsay statements, and granting such further relief as the Court deems just and proper.

    Respectfully Submitted,
    SAM GREEN and DWAYNE WADE

    /s/  Nathan H. Schnetzler
    Nathan H. Schnetzler (VSB #: 86437)
    FRITH ANDERSON + PEAKE, PC
    29 Franklin Road, S.W.
    Post Office Box 1240
    Roanoke, Virginia 24006-1240
    Phone:   540/772-4600
    Fax:     540/772-9167
    Email:  nschnetzler@faplawfirm.com
    *Counsel for Defendants*


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0406\NHS
4876-9103-6952 .v2

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all counsel of record.

                                                     <u>/s/ Nathan H. Schnetzler</u>
                                                       Nathan H. Schnetzler



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0406\NHS
4876-9103-6952 .v2